# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-1537
LT Case No. 2022-DP-1496

_____

DEPARTMENT OF CHILDREN AND
FAMILIES and GUARDIAN AD
LITEM,

    Appellants,

    v.

R.V. a/k/a R.N., Mother of B.N.,
a Child,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Lawrence V. Johnston, Senior Judge.

Kelley Schaeffer, of Children's Legal Services, Department of
Children and Families, Bradenton, for Appellant.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and
Amanda Victoria Glass, Senior Attorney, of Guardian ad Litem,
Tallahassee, for Guardian ad Litem Program.

No Appearance for Appellee.

October 19, 2023

WALLIS, J.

In this dependency case, the Department of Children and Families ("DCF") and the Statewide Guardian Ad Litem Office timely appeal an order granting the mother's ore tenus motion for judgment of dismissal made at the close of DCF's case. We reverse.

After a thorough review of the adjudicatory hearing transcript, we agree with the appellants that DCF presented prima facie evidence of prospective abuse under sections 39.01(2), 39.01(34)(g)2., and 39.507(7), Florida Statutes (2022). The uncontroverted evidence presented by DCF showed the following. This is the second time DCF has taken custody of this child ("the child") in her first three years of life. The DCF investigator first encountered the child staying with her paternal grandmother in a home that smelled of marijuana and contained paraphernalia accessible to the child. In fact, the child handed the investigator a "vape" pen containing a brown liquid.

After seven weeks of unsuccessfully attempting in-person contact with the mother, the investigator contacted her and the child at the child's maternal grandfather's home, which was cluttered and smelled of animal feces. The mother admitted avoiding the investigator because she did not want to submit to "unnecessary" services to protect the child. The mother also denied using any illicit substances.

However, while the child was in the mother's care, the mother submitted to a drug test, which revealed positive results for fentanyl, marijuana, buprenorphine, and benzodiazepine. The mother admitted using these substances (except fentanyl), along with Xanax, Suboxone, Tylenol 3, and Tramadol. She further admitted using these substances without prescriptions, and over prescribed limits, to self-medicate for diagnosed panic attacks and anxiety, instead of taking properly prescribed and dosed medications under the care of a psychiatrist. Due to the mother's current drug abuse, past history, avoidance of and refusal to cooperate with DCF's investigation, and mental health issues, the investigator took custody of the child because she did not believe the young child was safe in the mother's care.

We believe this was prima facie evidence of "extensive, abusive, and chronic use of a controlled substance or alcohol by a parent to the extent that the parent's ability to provide supervision

and care for the child has been or is likely to be severely compromised." § 39.01(34)(g)2., Fla. Stat. (2022). Accordingly, we reverse the dismissal order and remand for a new adjudicatory hearing as to the mother. *See In re A.B.*, 952 So. 2d 571, 574 (Fla. 2d DCA 2007) (reversing order dismissing dependency petition as to child's father because DCF presented prima facie case of dependency; remanding for new adjudicatory hearing in part because it was unclear whether trial court dismissed case as a matter of law or after a weighing of the evidence).

REVERSED and REMANDED with instructions.

EISNAUGLE and MACIVER, JJ., concur.

––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––